IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

XAVIER WASHINGTON,

Plaintiff,

v. Case No.:

HOMESITE INSURANCE COMPANY,

Defendant.
_________________________________/

**NOTICE OF REMOVAL**

Defendant, HOMESITE INSURANCE COMPANY, by its undersigned counsel and pursuant to Title 28 U.S.C. 1441 and 1446, files this Notice of Removal of the lawsuit entitled: *XAVIER WASHINGTON v. HOMESITE INSURANCE COMPANY*, pending in the Circuit Court in and for Hillsborough County, Florida, Case No.22-CA-000931. As grounds for removal, Defendant HOMESITE INSURANCE COMPANY states as follows:

1. Defendant was served with process on February 4, 2022. Accordingly, this Notice of Removal has been filed within the time period prescribed by Title 28 U.S.C. 1446(b).

2. Plaintiff filed his Complaint in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County on or about February 1, 2022. A true and correct copy of the Complaint and all documents filed in the state court

are being filed in conjunction herewith.

3. Plaintiff, XAVIER WASHINGTON, purchased an insurance policy from Defendant for his property located at 6211 S. MacDill Avenue, Unit 1, Tampa, Florida 33611. *See* Complaint, ¶ 2. Plaintiff is a resident of Hillsborough County, Florida, *See also*, copy of the Policy attached as Exhibit A to Complaint.

4. Plaintiff, XAVIER WASHINGTON, is a citizen of the state of Florida.

5. Defendant, HOMESITE INSURANCE COMPANY, is a Massachusetts corporation whose principal place of business was (and still is) in the state of Massachusetts at the time of filing in state court and at the time of this removal.

6. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant within the meaning of Title 28 U.S.C. 1332(a)(1).

7. The amount of controversy in this action exceeds Seventy-Five Thousand Dollars ($75,000). To date, Defendant has issued no payments to Plaintiff. In addition, Plaintiff has provided Defendant with a demand package including estimates from several vendors itemizing damage and the costs to repair. The total damage estimate includes a Replacement Cost Value (RCV) of $99,139.33, depreciation of $2,441.89 and Actual Cash Value (ACV) of $96,697.44. In addition, the demand package includes an estimate for mold remediation services totaling $19,092.00. Copies of Plaintiff's estimates are attached as Composite Exhibit A.

8. In addition, On the Civil Cover Sheet of Plaintiff's pleadings, Plaintiff has marked that the amount of the claim exceeds $100,000. See page 1, State Court Other Documents.

9. Based on the foregoing, the subject matter of this lawsuit falls within the original jurisdiction of this court pursuant to Title U.S.C. 1332(a) and is removable to this court pursuant to Title 28 U.S.C. 1441(a).

10. The undersigned has served written notice of the removal of this action upon Plaintiff by serving their counsel with this Notice of Removal, and has filed a copy of this notice of removal with the Clerk of the Circuit Court in and for Hillsborough County, Florida.

[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I filed the foregoing **Notice of Removal** and all documents required to be filed with a notice of removal, with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Counsel for Plaintiff, Kyle B. Staggs, Esq., at Kyle@williamspa.com, courtdocs@williamspa.com, Williams Law P.A., 1715 West Cleveland Street, Tampa, FL 33606; on February 28, 2022.

**/s/ Dorothy V. DiFiore**
**Dorothy Venable DiFiore, Esq**., FBN: 0962139
**Olivier F. Lindemann, Esq**., FBN: 0036042
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
dorothy.difiore@qpwblaw.com
olivier.lindemann@qpwblaw.com
becky.sinnreich@qpwblaw.com
ddifiore.pleadings@qpwblaw.com
1410 North Westshore Blvd., Suite 200
Tampa, FL 33607
Telephone: 813-286-8818
Facsimile: 813-286-9998
*Counsel for Defendant*